NO. 07-04-0322-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 19, 2004



______________________________




TOMMY HEATH, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,316-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to the granting of an out-of-time appeal by the Texas Court of Criminal
Appeals, appellant Tommy Heath, Jr. challenges the trial court's revocation order of
community supervision and imposition and reformation of sentence of nine years
confinement for robbery. In presenting this appeal, counsel has filed an Anders (1) brief in
support of a motion to withdraw. We grant counsel's motion and affirm. 

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error upon which
an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396,
18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio
1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v.
State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), and Gainous v. State, 436 S.W.2d 137,
138 (Tex.Cr.App. 1969), counsel has candidly discussed why, under the controlling
authorities, there are no grounds on which an appeal can be predicated. Counsel has also
shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's
view, the appeal is without merit. In addition, counsel has demonstrated that he notified
appellant of his right to review the record and file a pro se brief if he desired to do so. 
Appellant did not file a pro se response, and the State did not favor us with a brief.

 Following appellant's guilty plea, on May 30, 2002, he was convicted of robbery and
sentenced to a ten year suspended sentence. Upon the State's amended motion to revoke
community supervision for alleged violations of the terms and conditions thereof a hearing
was conducted at which appellant pled true. He was the only witness at the hearing and
testified, among other violations, that he was unsuccessfully discharged from his substance
abuse program. At the conclusion of this testimony, the trial court found he had violated
the terms and conditions of community supervision; however, commending appellant for
his honesty, the trial court reformed his sentence to nine years confinement.

 By the Anders brief, counsel raises three arguable points of error, to-wit: (1)
appellant's plea was not tendered voluntarily or knowingly; (2) the trial court failed to
admonish appellant pursuant to article 26.13 of the Texas Code of Criminal Procedure; and
(3) appellant received ineffective assistance of counsel. Counsel then concedes that none
present reversible error.

 Voluntariness of a plea may not be raised on appeal from a plea-bargained felony
conviction. See Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001). Robbery is a second
degree felony. Tex. Pen. Code Ann. 29.02(b) (Vernon 2003). Additionally, admonishments
pursuant to article 26.13 are not required in the context of revocation proceedings. 
See Gutierrez v. State, 108 S.W.3d 304, 309 (Tex.Cr.App. 2003). 

 A revocation hearing, although administrative in nature, nevertheless entitles a
defendant to reasonably effective counsel. Hill v. State, 480 S.W.3d 200, 202003
(Tex.Cr.App. 1971). An ineffective assistance claim is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. See Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App.
2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Further, a claim of
ineffectiveness must be firmly founded in the record. Mercado v. State, 615 S.W.2d 225,
228 (Tex.Cr.App. 1982). 

 Although a motion for new trial was filed, no hearing was conducted. Generally, a
record on direct appeal is not sufficiently developed to satisfy the first prong of Strickland. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). A petition for writ of habeas
corpus is the appropriate manner in which to investigate claims of ineffectiveness. Id.

 When reviewing an order revoking community supervision, the sole question before
this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). 
In a revocation proceeding the State must prove by a preponderance of the evidence that
the probationer violated a condition of community supervision as alleged in the motion to
revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet
its burden of proof, the trial court abuses its discretion in revoking community supervision. 
Cardona, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a
revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones
v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the
conditions of community supervision is found by the trial court, the revocation order shall
be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d
924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978);
McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet.
ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Appellant signed a plea of true to the State's allegations and also pled true at the
hearing. During his testimony he admitted to violating the terms and conditions of
community supervision. Thus, no abuse of discretion is demonstrated by the trial court's
revocation order and imposition of a nine year sentence.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is granted and the judgment of the trial
court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).