NO. 07-04-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 19, 2004

_____

TOMMY HEATH, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 45,316-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to the granting of an out-of-time appeal by the Texas Court of Criminal

Appeals, appellant Tommy Heath, Jr. challenges the trial court's revocation order of

community supervision and imposition and reformation of sentence of nine years

confinement for robbery. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel has certified that he has diligently reviewed the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Cr.App. 1969), counsel has candidly discussed why, under the controlling authorities, there are no grounds on which an appeal can be predicated. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief if he desired to do so. Appellant did not file a *pro se* response, and the State did not favor us with a brief.

Following appellant's guilty plea, on May 30, 2002, he was convicted of robbery and sentenced to a ten year suspended sentence. Upon the State's amended motion to revoke community supervision for alleged violations of the terms and conditions thereof a hearing was conducted at which appellant pled true. He was the only witness at the hearing and testified, among other violations, that he was unsuccessfully discharged from his substance

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

abuse program. At the conclusion of this testimony, the trial court found he had violated the terms and conditions of community supervision; however, commending appellant for his honesty, the trial court reformed his sentence to nine years confinement.

By the *Anders* brief, counsel raises three arguable points of error, to-wit: (1) appellant's plea was not tendered voluntarily or knowingly; (2) the trial court failed to admonish appellant pursuant to article 26.13 of the Texas Code of Criminal Procedure; and (3) appellant received ineffective assistance of counsel. Counsel then concedes that none present reversible error.

Voluntariness of a plea may not be raised on appeal from a plea-bargained felony conviction. *See* Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001). Robbery is a second degree felony. Tex. Pen. Code Ann. 29.02(b) (Vernon 2003). Additionally, admonishments pursuant to article 26.13 are not required in the context of revocation proceedings. *See* Gutierrez v. State, 108 S.W.3d 304, 309 (Tex.Cr.App. 2003).

A revocation hearing, although administrative in nature, nevertheless entitles a defendant to reasonably effective counsel. Hill v. State, 480 S.W.3d 200, 202003 (Tex.Cr.App. 1971). An ineffective assistance claim is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would

3

have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. *See* Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). Further, a claim of ineffectiveness must be firmly founded in the record. Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1982).

Although a motion for new trial was filed, no hearing was conducted. Generally, a record on direct appeal is not sufficiently developed to satisfy the first prong of *Strickland*. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). A petition for writ of habeas corpus is the appropriate manner in which to investigate claims of ineffectiveness. *Id*.

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App. 1979). When more than one violation of the conditions of community supervision is found by the trial court, the revocation order shall

be affirmed if one sufficient ground supports the court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980); Jones v. State, 571 S.W.2d 191, 193 (Tex.Cr.App. 1978); McCollum v. State, 784 S.W.2d 702, 704-05 (Tex.App.--Houston [14th Dist.] 1990, pet. ref'd). Additionally, a plea of true standing alone is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979).

Appellant signed a plea of true to the State's allegations and also pled true at the hearing. During his testimony he admitted to violating the terms and conditions of community supervision. Thus, no abuse of discretion is demonstrated by the trial court's revocation order and imposition of a nine year sentence.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5