## Eloy James GUTIERREZ, Appellant,

v.

## The STATE of Texas.

### No. 358–02.

Court of Criminal Appeals of Texas, En Banc.

June 18, 2003.

---

Leslie Werner De Soliz, Victoria, for Appellant.

Douglas K. Norman, Asst. DA, Corpus Christi, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

In 1991, the appellant pled guilty to attempted sexual assault and was sentenced to ten years' imprisonment and a $750 fine, probated for ten years. In January 2000, the State moved to revoke his probation. The appellant agreed to enter a plea of true in return for the State's punishment recommendation of three years' imprisonment. The trial court revoked the probation, but did not accept the State's recommendation on punishment. Instead, the court imposed the original ten-year sentence.

The appellant appealed, claiming, in one of several points of error, ineffective assistance of counsel in his attorney's failure to request withdrawal of his plea of true after the trial court rejected the agreed-upon punishment recommendation. The Thirteenth Court of Appeals sustained that point, reversed the judgment, and remanded the cause to the trial court for further proceedings. It said:

> At the heart of the issue in this case is the question: What is the applicability of plea agreements to a motion to revoke community supervision?

> In order to answer that question, we must examine whether or not a right that traditionally has been applied to the guilt/innocence phase, i.e., the right to withdraw a plea after a judge refuses a plea agreement, is applicable to a motion to revoke community supervision. The United States Supreme Court in *Santobello v. New York*, emphasized the importance that plea agreements have in judicial proceedings stating:

> > This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.*

Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis added).

Such "considerations presuppose fairness in securing agreement between an accused and a prosecutor." *Id.* at 261, 92 S.Ct. 495. Accordingly, a proceeding in which an accused waives fundamental rights: to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and to be convicted by proof beyond all reasonable doubt "is a serious and sobering occasion." *Id.* at 264, 92 S.Ct. 495 (Douglas, J., concurring). Further, we recently recognized the important role that plea agreements play in our criminal justice system, noting that plea bargains allow "the parties to choose predictability over unpredictability ...." *In re Rubio,* 55 S.W.3d 238, 242 (Tex.App.-Corpus Christi 2001, orig. proceeding).

The Supreme Court in *Santobello* also noted other policy reasons for honoring agreements between the State and the defendant stating:

> Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Santobello,* 404 U.S. at 261, 92 S.Ct. 495 (quoting *Brady v. United States,* 397 U.S. 742, 751–52, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

We recognize that there is no express statutory command regarding the right to withdraw a plea of true in a motion to revoke. However, in light of the waiver of rights that is involved in the motion to revoke community supervision, and the important and beneficial role that plea bargains play in our justice system, we hold that the right to withdraw a plea of true after the trial court rejects the plea agreement should be applied in a motion to revoke community supervision.[1]

The court of appeals' opinion took into account neither the history of plea-bargaining in Texas, which includes a number of decisions in which this court pointed out the fallacies in similar arguments that were made 25 or 30 years ago, nor the statutes that regulate plea-bargaining.

■ To begin with, a defendant's ability to withdraw a plea of guilty when a trial court did not assess a punishment that the parties had agreed on is not "a right that traditionally has been applied to the guilt/innocence phase." The tradition in Texas is the opposite. When a defendant pleaded guilty, our trial courts were required to ensure that a defendant was not entering his plea in exchange for any type of promise.

Of course, plea-bargaining in felony cases was virtually unknown before 1931, because punishment decisions were made by juries. The first legislature of the state enacted a statute requiring juries to assess punishment in every case in which a defendant pleaded guilty,[2] a requirement that

---

1. *Gutierrez v. State,* 65 S.W.3d 362, 364–65 (Tex.App.-Corpus Christi 2001) (*en banc* ).

2. Act of April 30, 1846, 1st Leg., R.S., 1846 Tex. Gen. Laws 161, *reprinted in* H.P.N. GAMMEL, 2 THE LAWS OF TEXAS 1467.

was limited to felony cases in 1879.[3] In 1930 the Supreme Court of the United States held that the Sixth Amendment was not violated by the waiver of trial by jury in a criminal case in the federal courts.[4] After that decision, the Texas legislature quickly enacted a statute to permit a defendant, upon entering a plea of guilty in a prosecution for a non-capital felony, to waive trial by jury.[5] At that time, and until August 29, 1977, a statute forbade a trial court to receive a plea of guilty that was influenced by fear or persuasion.[6] In 1975, the statute required an additional admonition that a recommendation of punishment by the prosecuting attorney was not binding on the court.[7] But at no time before August 29, 1977 did a defendant have a right to withdraw a plea of guilty because a court did not assess the recommended punishment.

More than one defendant argued for such a right, usually invoking *obiter dicta* from the *Santobello* case, but without success. In *Cruz v. State*, 530 S.W.2d 817 (Tex.Cr.App.1975), the defendant said that his plea of guilty in a prosecution for murder was involuntary because the trial court did not follow the State's recommendation of probation. We said:

Appellant in effect urges a rule of law wherein a defendant *as a matter of right* may withdraw a plea of guilty when the trial court refuses to follow a punishment recommendation of the prosecutor that is the result of a negotiated plea agreement.

Some courts have so held relying largely upon *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). It is not the holding of *Santobello*, which was that the prosecutor is bound by any promises made to the defendant insofar as his recommendation of punishment is concerned, but the rationale and language of *Santobello* that have inspired such holdings. That rationale is that plea bargaining is an integral part of our system of justice and as such should be brought out in the open; that a procedure that encourages regularity and certainty into such negotiations is laudatory; and that deviations and aberrations within the system tend to be arbitrary and are to be discouraged.

---

3. *See* TEX.CODE CRIM. PROC. art. 519 (1879).

4. *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854.

5. Act of April 9, 1931, 42nd Leg., R.S., ch. 43, 1931 Tex. Gen. Laws 65.

6. *See* TEX.CODE CRIM. PROC. art. 501 (1925) ("If the defendant plead guilty, he shall be admonished by the court of the consequences; and no plea shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, by any persuasion, or delusive hope of pardon, prompting him to confess his guilt"), *amended by* Act of May 8, 1959, 56th Leg., R.S., ch. 722, § 1, 1959 Tex. Gen. Laws 257 ("If the defendant plead guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced

by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt"), *renumbered by* Code of Criminal Procedure Act, 59th Leg., R.S., ch. 722, § 1, art. 26.13, 1965 Tex. Gen. Laws vol. 2, p. 317, 427, *amended by* Penal Code Act, 63d Leg., R.S., ch. 399, § 2, art. 26.13, 1973 Tex. Gen. Laws 883, 969 ("If a defendant pleads, guilty, [punctuation *sic*] or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is mentally competent, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt").

7. Act of June 19, 1975, 64th Leg., R.S., ch. 341, § 3, 1975 Tex. Gen. Laws 909.

Accordingly, in some jurisdictions there exists the right for which appellant contends....

This Court has frequently discussed its own views upon the issue. We have stood steadfast for the position that assessment of punishment is the province of the judge or jury, not the prosecutor or the defendant. As conceded by all, *Santobello* does not explicitly require either that the court accept the prosecutor's recommendation or that the defendant be permitted to withdraw his plea after the recommendation is rejected. *Galvan v. State,* Tex. Cr.App., 525 S.W.2d 24 [ (1975) ("The fact that appellant may have entered a plea of guilty as a result of plea bargaining in the hope of escaping the possibility of a higher sentence, as appellant strongly urges in his brief, did not invalidate the plea.... We reject appellant's contention that it was incumbent upon the court to go further in his inquiry of whether the plea was voluntary. Appellant contends that the court should have been bound by the terms of the plea negotiated by and between appellant and the State. This argument was answered adversely to appellant in this Court's recent decision in *Trevino v. State* .... We have reviewed appellant's contention that he has been denied due process of law in which grounds heretofore asserted are reviewed. We find no merit in same") ]; *Trevino v. State,* Tex. Cr.App., 519 S.W.2d 864 [ (1975) ("We reject appellant's contention that it was incumbent upon the trial judge to withdraw appellant's plea of guilty under the circumstances of this case.... Appellant contends that the trial court should have been bound by the terms of the plea negotiated by appellant and the State. Appellant relies on *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. In *Santobello,* the prose-

cutor had agreed not to make a recommendation as to the sentence if the appellant entered a plea of guilty to a lesser offense, but a prosecutor who subsequently came into the case recommended the maximum sentence. The United States Supreme Court remanded for the state court to determine whether the appropriate remedy was specific performance of the agreement or to allow appellant to withdraw his plea of guilty. In the instant case, appellant does not claim that the State did not live up to its agreement to recommend probation for appellant. It would appear to be appellant's argument that the prosecutor's recommendation of probation pursuant to agreement with appellant should be binding upon the court. Clearly, the holding in *Santobello* will not support such contention") ]; *Valdez v. State,* Tex. Cr.App., 507 S.W.2d 202 [ (1974) ("The contention of appellant is that he plead guilty in the expectation of receiving probation, since the District Attorney had agreed to so recommend. Such recommendation was made, but the court rejected it. Although it is not required ..., the court had specifically explained before the plea of guilty was made and accepted that the court was not bound by recommendations. The fact that appellant may have plead guilty as a result of plea bargaining in the hope of escaping the possibility of a higher sentence did not invalidate the plea.") ]; .... We recognize that negotiated pleas are an integral and essential part of our system of criminal justice. In cases where the guilty plea is the result of a negotiated plea agreement, the trial court in exercising its authority to assess punishment also serves as a check upon oppressive or unfair bargains or those not in the public interest. Such a function may inure to the benefit

of the defendant as much as the State. Hence, we decline to restrict the trial court's discretion in this area.[8]

In *Cruz* and the precedents it cited, we considered the arguments that are found in the court of appeals' opinion in this case. The promise that was not fulfilled in *Santobello,* in violation of the Due Process Clause, was the prosecution's promise to make no recommendation as to punishment. It was not a promise that the defendant would receive a certain punishment. *Santobello* does not require a state court to enforce a prosecutor's recommendation as to punishment. After considering all the policy arguments for plea bargaining, we decided not to restrict the trial court's discretion to grant or to deny a motion to withdraw a guilty plea. This traditional discretion obtained in cases in which defendants entered guilty pleas, both in felony and misdemeanor prosecutions.

In 1977, by an amendment to Code of Criminal Procedure article 26.13, the legislature created a right for a plea-bargaining defendant to withdraw a plea of guilty or nolo contendere.[9] Article 26.13 now provides:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere the court shall admonish the defendant of:

\* \* \* \* \* \* \*

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to

the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere . . . .

■ This statute applies only when a defendant enters a plea of guilty or nolo contendere in a felony prosecution. We consistently have held that article 26.13 does not apply to misdemeanor cases.[10] The reason is statutory. Article 27.13 specifies that when a plea of guilty or nolo contendere is made in a felony case, "the proceedings shall be as provided in Article[ ] 26.13," which contains the plea bargainer's right to withdraw the plea. But when such a plea is made in a misdemeanor case, the corresponding statute (Article 27.14) does not contain, or refer to a statute that contains, such a right.[11]

■ This analysis applies to probation-revocation proceedings as well. The statutes governing probation do not make reference to article 26.13 or to any right of a plea-bargainer to withdraw a plea.[12] Therefore, it follows that, in the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13,

8. *Cruz,* 530 S.W.2d at 820–21 (emphasis in original) (footnote omitted).

9. Act of May 27, 1977, 65th Leg., R.S., ch. 280, § 1, 1977 Tex. Gen. Laws 748.

10. *See McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App.1981); *Johnson v. State,* 614 S.W.2d 116, 120 n. 1 (Tex.Crim.App.1981); *Nash v. State,* 591 S.W.2d 460, 463 (Tex.Crim.

App.1980); *Empy v. State,* 571 S.W.2d 526, 529–30 (Tex.Crim.App.1978) (citing cases back to 1879).

11. *See* TEX.CODE CRIM. PROC. art. 27.14; *McGuire,* 617 at 261.

12. *See* TEX.CODE CRIM. PROC. art. 42.12.

and has not provided for withdrawal of a plea after sentencing.

We are mindful that the benefits of plea-bargaining are not so great in probation-revocation proceedings. The principal justification for plea-bargaining is the conservation of scarce judicial resources, and our judicial system relies heavily on avoidance of trials by jury in felony cases.[13] But a probation-revocation proceeding requires fewer judicial resources than a trial by jury; there is none of the time and expense that attends a jury trial on guilt or punishment, the fact issues are usually less complex than those in a criminal trial, and the burden of proof is lower. Such considerations may be one reason why the legislature has not bestowed on probationers a right to withdraw a plea of true.

This does not mean that, in probation-revocation proceedings, plea-bargaining and the resulting punishment recommendations are worthless. A recommendation by the State gives the trial judge some indication of what justice requires based on the specific circumstances of a case, and it may serve to persuade the judge that a particular sentence is appropriate.[14] Although the law requires the State to make the agreed-upon recommendation to the court, it does not give a probationer the right to withdraw a plea, and the court of appeals erred in holding otherwise.

Consequently, the court of appeals' further holding that the appellant received ineffective assistance of counsel when his trial attorney "failed on the most minimal level to either object or inquire as to the judge's refusal to accept the State's recommendation and failed to attempt to withdraw appellant's plea"[15] was incorrect. Because the appellant had no right to withdraw his plea of true, his attorney was under no obligation to make the request. We see no deficient performance in the failure to assert a right that the law does not afford. There being no deficient performance, we do not address whether there was prejudice to the defense.[16]

The appellant presented the court of appeals with other points of error, such as whether his plea of true was entered knowingly and voluntarily, that the court did not reach.[17] We reverse the court of appeals' judgment and remand the case to that court for further consideration.

MEYERS, J., filed a dissenting opinion.

MEYERS, J., filed a dissenting opinion.

The majority, while acknowledging the import of the Supreme Court's holding in *Santobello*, fails to recognize the fundamental due process basis for that opinion, as it bears on the case before us today. By urging the rejection of the "other policy reasons" for enforcing plea bargain agreements, the majority completely ignores the basic premise of the *Santobello* holding: that the waiver of fundamental

---

**13.** In Texas' last fiscal year, 97 per cent of felony convictions (that is, judgments of guilt and orders of deferred adjudication) were the result of pleas of guilty or nolo contendere after waiver of trial by jury. *See* OFFICE OF COURT ADMINISTRATION, TEXAS JUDICIAL SYSTEM ANNUAL REPORT—STATE FISCAL YEAR 2002 157 (2003) (of 128,701 convictions in district courts, 125,144 were on pleas of guilty or nolo contendere after waiver of jury trial).

**14.** *See Cruz*, 530 S.W.2d at 821 (suggesting that "the majority of [sentence] recommenda-

tions are accepted because the trial court views them as just and in the public interest").

**15.** *Gutierrez*, 65 S.W.3d at 367.

**16.** *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Jackson v. State*, 973 S.W.2d 954 (Tex.Crim. App.1998).

**17.** *See Gutierrez*, 65 S.W.3d at 364.

rights inherent in the plea bargaining process necessarily implicates due process concerns. The premise is equally applicable in a situation like this one, when an individual waives his or her right to a hearing and pleads true during a motion to revoke community supervision.

The Court of Appeals here recognized the due process implications of such a waiver, and held that in light of those implications, the right to withdraw a plea of true after the trial court rejects the plea agreement should be applied in this situation just as it is, by statute, in the guilt/innocence context. I agree.

Furthermore, the majority asserts that because appellant did not have a statutory right to withdraw his plea of true, his attorney could not have been ineffective for failing to request such a withdrawal. However, the existence or absence of a statutory right is not determinative of the question of whether counsel provided effective representation. Rather, the question is whether counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the trial court had the power to grant the request, regardless of whether appellant had a right to the relief sought, counsel may have been deficient in failing to request such relief.

Therefore, I respectfully dissent.