COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-036-CR

BILLY WAYNE AYLOR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH
 DISTRICT COURT OF ARCHER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On October 4, 2004, as part of a plea bargain, Appellant Billy Wayne Aylor pled guilty to indecency with a child.  The trial court placed him on deferred adjudication community supervision and assessed a $1,000 fine.  As a condition of deferred adjudication, the trial court’s order required Appellant to pay a monthly supervision fee, to pay a monthly payment towards trial costs and his fine, and to register as a sex offender.

On November 7, 2005, the State filed a motion to proceed to adjudication on grounds that Appellant had violated terms of his community supervision.  Specifically, the State alleged that Appellant had failed to pay his monthly supervision fees for July through October 2005, had failed to pay his monthly payments towards court costs, attorney’s fees, and his fine for July through October 2005, and had failed to keep authorities advised of his current address, as required by sex offender registration requirements.

Appellant then entered into a second plea bargain with the State,  agreeing to plead true to the State’s allegations in exchange for a three-year prison sentence.  Appellant signed a “Motion to Adjudicate Memorandum,” stating that he understood that he would not be allowed to withdraw his pleas of true if the court did not accept the State’s recommendation.  The trial court also admonished Appellant that he would not have the right to withdraw his pleas of true if the trial court did not accept the State’s recommendation.  The trial court did not accept the State’s recommendation and sentenced Appellant to thirteen years in prison.

Appellant brings two points on appeal, arguing that the trial court abused its discretion and denied him due process of law when it refused to follow the plea bargain agreement but did not allow Appellant to withdraw his pleas of true.  Because Appellant agreed by executing the written plea documents that he could not withdraw his pleas if the judge did not follow the plea bargain agreement and did not ask to withdraw his pleas, and because he cannot challenge the decision to adjudicate,
(footnote: 2) we affirm the trial court’s judgment. Appellant argues that article 26.13 of the Texas Code of Criminal Procedure governs a plea bargain for a plea of true at an adjudication hearing and that the trial court was obligated to allow him to withdraw his pleas.  The Court of Criminal Appeals has held that article 26.13 applies only to pleas of guilty, and not to pleas of true in a revocation hearing.
(footnote: 3)  Additionally, Appellant did not ask to withdraw his pleas of true.  When asked if there was any reason sentence should not be pronounced, he responded that there was not.

For the reasons stated above, we overrule Appellant’s two points and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006).

3:
Gutierrez v. State
, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003).