COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-036-CR

 

 

BILLY WAYNE AYLOR                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 97TH
DISTRICT COURT OF ARCHER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On October 4, 2004, as part of a plea bargain,
Appellant Billy Wayne Aylor pled guilty to indecency with a child.  The trial court placed him on deferred
adjudication community supervision and assessed a $1,000 fine.  As a condition of deferred adjudication, the
trial court=s order required Appellant to
pay a monthly supervision fee, to pay a monthly payment towards trial costs and
his fine, and to register as a sex offender.

On November 7, 2005, the State filed a motion to
proceed to adjudication on grounds that Appellant had violated terms of his
community supervision.  Specifically, the
State alleged that Appellant had failed to pay his monthly supervision fees for
July through October 2005, had failed to pay his monthly payments towards court
costs, attorney=s fees, and his fine for July
through October 2005, and had failed to keep authorities advised of his current
address, as required by sex offender registration requirements.

Appellant then entered into a second plea bargain
with the State,  agreeing to plead true
to the State=s allegations in exchange for a
three-year prison sentence.  Appellant
signed a AMotion to Adjudicate Memorandum,@ stating
that he understood that he would not be allowed to withdraw his pleas of true
if the court did not accept the State=s
recommendation.  The trial court also
admonished Appellant that he would not have the right to withdraw his pleas of
true if the trial court did not accept the State=s
recommendation.  The trial court did not
accept the State=s recommendation and sentenced
Appellant to thirteen years in prison.








Appellant brings two points on appeal, arguing
that the trial court abused its discretion and denied him due process of law
when it refused to follow the plea bargain agreement but did not allow
Appellant to withdraw his pleas of true. 
Because Appellant agreed by executing the written plea documents that he
could not withdraw his pleas if the judge did not follow the plea bargain
agreement and did not ask to withdraw his pleas, and because he cannot
challenge the decision to adjudicate,[2]
we affirm the trial court=s judgment.        Appellant argues that article 26.13 of
the Texas Code of Criminal Procedure governs a plea bargain for a plea of true
at an adjudication hearing and that the trial court was obligated to allow him
to withdraw his pleas.  The Court of
Criminal Appeals has held that article 26.13 applies only to pleas of guilty,
and not to pleas of true in a revocation hearing.[3]  Additionally, Appellant did not ask to
withdraw his pleas of true.  When asked
if there was any reason sentence should not be pronounced, he responded that
there was not.

 

 

 

 

 








For the reasons stated above, we overrule
Appellant=s two points and affirm the
trial court=s judgment.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 12, 2006











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2006).





[3]Gutierrez v. State, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003).