IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-69,895-01






EX PARTE JOHNNY VALENTINE MCCOY, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. 99-04-02311-CR(1) IN THE 69,895-01 DISTRICT COURT

FROM MONTGOMERY COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to felony driving
while intoxicated, and was originally sentenced, pursuant to a plea agreement, to ten years'
imprisonment probated for ten years. Applicant later pleaded "true" to violating the conditions of
his probation by committing a new offense, and his probation was revoked. On revocation, the trial
court reformed Applicant's sentence in this cause to eight years' imprisonment. 

 On May 2, 2008, the trial court made findings of fact and conclusions of law that were based
on affidavits from defense counsel and the prosecutor in this and a companion case in which
Applicant raised identical claims. Applicant alleged that his plea was not knowingly and voluntarily
entered because he was erroneously informed and believed that he was eligible for and would be
considered for release on "shock" probation after he had served 75 days in prison. The trial court
recommended that relief be granted in both cases.

 The trial court's findings and recommendation are supported by the record with respect to
the cause challenged in Applicant's other writ. However, because Applicant was on probation for
this offense at the time he entered the "involuntary" plea, the recommendation to grant relief in this
cause is not supported by this Court's precedent. This Court has held that "in the context of
revocation proceedings, the legislature has not authorized binding plea agreements, has not required
the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to
26.13 and has not provided for withdrawal of a plea after sentencing." Gutierrez v. State, 108
S.W.3d 304, 309-310 (Tex. Crim. App. 2003). Because there are no binding plea agreements in the
probation revocation context, Applicant is not entitled to withdraw his plea of "true" to the
allegations in the motion to revoke probation. We therefore deny relief in this cause.

 It is so ordered on this, the 4th day of June, 2008.


Do not publish