# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00097-CR

**Robert William Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2006-105, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert William Moore timely filed a notice of appeal after the district court revoked his deferred adjudication community supervision, convicted him of indecency with a child, and imposed a 12-year sentence. The district court has certified that this is a plea-bargain case and Moore has no right of appeal. Based on the district court's certification, the State has filed a motion to dismiss the appeal.

In a plea bargain for deferred adjudication, the bargain is complete when the defendant enters his plea of guilty in exchange for deferred adjudication community supervision. *Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Appellate rule 25.2(a)(2) restricts the defendant's right of appeal from the deferred adjudication order, but does not restrict the defendant's right of appeal following a subsequent adjudication of guilt. *Id*.; Tex. R. App. P. 25.2(a)(2). This is the case even if the defendant pleaded "true" to the allegations in the motion to

adjudicate in exchange for an agreed punishment recommendation, because rule 25.2(a)(2) applies only when the "defendant's plea is guilty or nolo contendere." Tex. R. App. P. 25.2(a)(2); *see also Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (holding that plea bargain recommendation is not binding on trial court at revocation hearing). After adjudication of guilt, the defendant's appeal is restricted only by article 42.12, section 5(b). *Hargesheimer*, 182 S.W.3d at 912; Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2006). We cannot determine from the documents forwarded to this Court with the notice of appeal whether the plea bargain referenced in the trial court's certification was at the original trial or at the adjudication hearing, but, in either event, it does not restrict Moore's right of appeal following adjudication.

The appeal is abated. The district court is instructed to prepare and file an amended certification reflecting that this is not a plea-bargain case, and the defendant has the right of appeal. *Hargesheimer*, 182 S.W.3d at 913. A copy of the amended certification shall be forwarded to the clerk of this Court no later than July 21, 2008.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Abated

Filed: July 8, 2008

Do Not Publish