IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,675-01






EX PARTE RICARDO RAMOS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 07-03-06016-MCRAJA IN THE 365TH DISTRICT COURT


FROM MAVERICK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to nine years' imprisonment. He did not appeal his conviction.

 This writ application was first remanded on May 5, 2010 to determine whether Applicant's
plea was involuntary because he was not bench-warranted back to Maverick County in time to be
considered for "shock probation." Tex. Code Crim. Proc. art. 42.12 § 6. After remand, the trial
court issued findings of fact and conclusions of law, determining that Applicant's plea of true to a
motion to revoke community supervision was involuntary because he was not considered for "shock
probation," as contemplated by the judgment and the agreement with the State. However, the
defendant who bargains for punishment at a community supervision revocation proceeding is not
entitled to specific performance of his agreement when it is not upheld. See Gutierrez v. State, 108
S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (holding that, because the legislature has not authorized
binding plea agreements in the context of revocation proceedings, the defendant has no right to
withdraw a plea of true when the trial judge is unwilling to follow a plea agreement). 

 Applicant's pleadings allege that counsel erred by not filing a timely motion to have applicant
bench-warranted back to Maverick County while the trial court still had jurisdiction to order him
continued on community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel concerning Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 29, 2010

Do not publish