COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00055-CR

 

 


 
 
 Jamaude Montreal Thomas
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellant
Jamaude Montreal Thomas pleaded guilty to having possessed 400 or more grams of
cocaine, a felony, and received deferred adjudication community supervision. 
Appellant later entered an open plea of “true” to the State’s petition to
adjudicate, and the trial court adjudicated Appellant’s guilt, revoked his
community supervision, and sentenced him to fifteen years’ confinement.  In a
single point on appeal, Appellant now contends that his plea of “true” was not entered
freely and voluntarily because the trial court did not admonish him on the
range of punishment for the offense.  We affirm.

          Appellant
is incorrect on the facts and the law.  He is incorrect on the facts because he
claims that he was not admonished on the range of punishment for his offense
before pleading true; but the record shows that he, the trial court, and
Appellant’s attorney signed written admonishments on the day Appellant entered
his original plea of guilty.  Those admonishments included the following:

3.       . . . If
convicted, you face the following range of punishment . . . [l]ife
or any term of not more than 99 years nor less than 10 years confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In
addition, a fine not to exceed $10,000 may also be assessed.

 

. . . .

 

10.     DEFERRED
ADJUDICATION:     Should the Court defer adjudicating your guilt and
place you on probation, upon violation of any imposed condition, you may be
arrested and detained as provided by law.  You will then be entitled to a hearing
limited to the determination by the Court . . . whether to
proceed with an adjudication of your guilt upon the original charge . . . . 
Upon adjudication of your guilt, the Court may assess your punishment anywhere
within the range provided by law for this offense.

          At
the end of the list of admonishments, the trial court acknowledged by signature
that “[t]hese admonishments were given to this Defendant on the above-noted
date.”

          After
the following paragraph, which is immediately below the judge’s signature,
appears Appellant’s signature on a line denoted “DEFENDANT”:

          I have
received and reviewed the foregoing admonishments with my attorney.  I
understand each and every admonishment and I have no questions of the Judge or
my attorney concerning these admonishments.

          Appellant’s
attorney’s signature then appears beneath the following paragraph:

          I have
fully reviewed and explained to the Defendant the above and foregoing Court
Admonishments, rights, and waivers . . . and am satisfied that
the Defendant understands each, and is legally competent and has freely,
intelligently, knowingly, and voluntarily waived his rights, has judicially
confessed his guilt, and will plead guilty understanding the consequences
thereof.

          Furthermore,
the record of the hearing on the State’s petition to adjudicate indicates that
Appellant was aware of the range of punishment.  During his direct examination
of Appellant, counsel for Appellant posed this question:

Q.      All right. 
So, what do you think that the Judge should do in your case?  You know that
he’s got a range to work with of reinstating you on your probation, he can find
you guilty and give you a sentence between 10 and 99 years, or life.  So he’s
got quite a wide range to work with here.  What do you think it is the
Judge should do on your case?

 

A.      I think he
should reinstate me.

          Appellant
is incorrect on the law because he relies on code of criminal procedure article
26.13, which by its plain language applies only when a defendant enters a plea
of guilty or nolo contendere in a felony prosecution and does not apply to
pleas of true in adjudication proceedings.  Tex. Code Crim. Proc. Ann. art.
26.13 (West Supp. 2011); see Gutierrez v. State, 108 S.W.3d 304,
309–10 (Tex. Crim. App. 2003) (holding that in the context of adjudication
proceedings, the legislature has not required trial courts to admonish
defendants pursuant to 26.13).  Appellant’s sole point is without merit and is
therefore overruled.  The judgment is affirmed.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 26, 2012









[1]See Tex. R. App. P. 47.4.