

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00055-CR

---

JAMAUDE MONTREAL THOMAS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jamaude Montreal Thomas pleaded guilty to having possessed 400 or more grams of cocaine, a felony, and received deferred adjudication community supervision. Appellant later entered an open plea of "true" to the State's petition to adjudicate, and the trial court adjudicated Appellant's guilt, revoked his community supervision, and sentenced him to fifteen years' confinement. In a single point on appeal, Appellant now contends that his plea of

---

[1]*See* Tex. R. App. P. 47.4.

"true" was not entered freely and voluntarily because the trial court did not admonish him on the range of punishment for the offense. We affirm.

Appellant is incorrect on the facts and the law. He is incorrect on the facts because he claims that he was not admonished on the range of punishment for his offense before pleading true; but the record shows that he, the trial court, and Appellant's attorney signed written admonishments on the day Appellant entered his original plea of guilty. Those admonishments included the following:

> 3.    . . . If convicted, you face the following range of punishment . . . [l]ife or any term of not more than 99 years nor less than 10 years confinement in the Institutional Division of the Texas Department of Criminal Justice. In addition, a fine not to exceed $10,000 may also be assessed.
>
> . . . .
>
> 10.    **DEFERRED ADJUDICATION**: Should the Court defer adjudicating your guilt and place you on probation, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court . . . whether to proceed with an adjudication of your guilt upon the original charge . . . . Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense.

At the end of the list of admonishments, the trial court acknowledged by signature that "[t]hese admonishments were given to this Defendant on the above-noted date."

After the following paragraph, which is immediately below the judge's signature, appears Appellant's signature on a line denoted "DEFENDANT":

2

I have received and reviewed the foregoing admonishments with my attorney. I understand each and every admonishment and I have no questions of the Judge or my attorney concerning these admonishments.

Appellant's attorney's signature then appears beneath the following paragraph:

I have fully reviewed and explained to the Defendant the above and foregoing Court Admonishments, rights, and waivers . . . and am satisfied that the Defendant understands each, and is legally competent and has freely, intelligently, knowingly, and voluntarily waived his rights, has judicially confessed his guilt, and will plead guilty understanding the consequences thereof.

Furthermore, the record of the hearing on the State's petition to adjudicate indicates that Appellant was aware of the range of punishment. During his direct examination of Appellant, counsel for Appellant posed this question:

Q.    All right. So, what do you think that the Judge should do in your case? *You know that he's got a range to work with of reinstating you on your probation, he can find you guilty and give you a sentence between 10 and 99 years, or life. So he's got quite a wide range to work with here.* What do you think it is the Judge should do on your case?

A.    I think he should reinstate me.

Appellant is incorrect on the law because he relies on code of criminal procedure article 26.13, which by its plain language applies only when a defendant enters a plea of guilty or nolo contendere in a felony prosecution and does not apply to pleas of true in adjudication proceedings. Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2011); *see Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) (holding that in the context of adjudication

proceedings, the legislature has not required trial courts to admonish defendants pursuant to 26.13). Appellant's sole point is without merit and is therefore overruled. The judgment is affirmed.


                                        LEE GABRIEL
                                        JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 26, 2012