In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00502-CR
NO. 09-12-00503-CR

_____

**DJUAN DWAYNE MARTIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 11-11976, 11-11978**

**MEMORANDUM OPINION**

Appealing from two judgments of conviction that were based on indictments alleging that he robbed two individuals, Djuan Dwayne Martin complains that he should receive new trials in both cases because his pleas of true to the allegations in the State's motions to revoke were involuntary. According to Martin, the trial court should have allowed him to withdraw his pleas in both cases after refusing to

1

follow his agreement with the State regarding the length of his sentence. We affirm the trial court's judgments.

In carrying out his respective plea bargain agreements, the trial court, in both of Martin's cases, deferred adjudicating Martin's guilt, placed Martin on community supervision for ten years, and assessed a $1,000 fine. Claiming that Martin violated several conditions of the trial court's community supervision orders, the State filed motions to revoke, asking that the trial court revoke its community supervision orders and adjudicate Martin's guilt.

Subsequently, the trial court conducted a joint hearing to address the State's motions to revoke, filed in Cause Numbers 11-11976 and 11-11978. At the beginning of the hearing, Martin's attorney advised the trial court with respect to Cause Number 11-11978, that: "We have an agreement on that, Your Honor, 15 CC." The trial court subsequently advised Martin that he was "not going to follow any agreement, not in your cases. I'm going to do whatever I choose to do."

While it appears from the record of the revocation hearing that the parties had an agreed punishment recommendation concerning the length of Martin's sentence, the trial court informed Martin early in the hearing, before Martin pled true to the allegations in the motions to revoke, that it did not intend to follow the State's punishment recommendations. Subsequently, after being advised by the

2

trial court that it did not intend to follow any agreements, Martin pled true to violating several provisions in the trial court's community supervision orders. When asked by the trial court whether he was pleading true to the counts in the respective motions freely and voluntarily, Martin responded, "Yes, sir."

Martin's complaint that the trial court was required to follow the State's recommendations in assessing his punishment or to allow him to withdraw his pleas lacks merit. Unlike a guilty plea case, a trial court, in a revocation proceeding, is not required to allow a defendant to withdraw a negotiated plea of true even if the court refuses to follow the State's recommendation on punishment. *Gutierrez v. State*, 108 S.W.3d 304, 310 (Tex. Crim. App. 2003) ("Although the law requires the State to make an agreed-upon recommendation to the court, it does not give a probationer the right to withdraw a plea[.]"). The trial court is also not required to admonish the defendant in the manner that defendants are admonished when pleading guilty to committing a crime. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2012) (listing the matters on which a defendant must be admonished before a trial court accepts a plea of guilty or no contest). Because Martin's argument is without merit, we affirm the trial court's judgments in Cause Numbers 11-11976 and 11-11978.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 16, 2013
Opinion Delivered October 16, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.