**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00475-CR**
_____

**ELTON DAVIS III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 99119**

---

**ORDER**

Pursuant to a plea bargain agreement, appellant Elton Davis III pleaded guilty to possession of a controlled substance, and the trial court placed Davis on deferred adjudication community supervision for three years. The State subsequently filed a motion to revoke Davis's deferred adjudication community supervision, and Davis pleaded "true" to one violation of the terms of his community supervision. The trial court signed a judgment adjudicating guilt, in which it sentenced Davis to five years of confinement, but suspended the sentence

1

and placed Davis on community supervision for five years. On June 12, 2013, the State filed a motion to revoke Davis's community supervision. Davis pleaded "true" to two violations of the terms of his community supervision. Davis and the State entered into an "Agreed Punishment Recommendation" that provided prosecution would proceed only on counts two, three, and four of the motion to revoke. The trial court signed a judgment that revoked Davis's community supervision and sentenced Davis to five years of confinement.

The trial court signed a certification stating that this is a plea bargain case and Davis has no right of appeal. "[I]n the context of revocation proceedings, the legislature has not authorized binding plea agreements. . . ." *Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003). Because this case involves a purported plea-bargain agreement in a revocation proceeding, the record does not support the trial court's certification that Davis does not have the right to appeal. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005) ("[A]n appellate court has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate. . . . If the court chooses to examine a certification after the record is filed, it has the ability to compare the certification to the record and . . . a duty to do so.").

We abate the appeal and remand the case to the trial court to reevaluate its certification of Davis's right to appeal, appoint appellate counsel to represent

2

Davis, and file a supplemental clerk's record by March 3, 2014. *See* Tex. R. App. P. 34.5(c), 37.1.

ORDER ENTERED January 30, 2014.

PER CURIAM

Before McKeithen, C.J., Kreger and Johnson, JJ.