

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-12-00440-CR
### No. 10-12-00441-CR

**NELDA JUANITA HANNON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 220th District Court
### Hamilton County, Texas
### Trial Court Nos. CR-07648 and CR-07649

_____

## MEMORANDUM OPINION

_____

Nelda Juanita Hannon pled guilty and was convicted of two offenses of delivery of a controlled substance and sentenced to 24 months in state jail for each offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (West 2010). The sentences were suspended, and Hannon was placed on community supervision for five years for each offense. A year later, her community supervision for both offenses was revoked, and

Hannon was sentenced to 24 months in state jail for each offense. We affirm the trial court's judgments revoking Hannon's community supervision.

In one issue, Hannon contends the trial court erred in accepting her plea of true to each violation alleged in the State's motion to revoke in each offense because Hannon was not competent to make a knowing and voluntary plea of true.

A trial court cannot accept a plea of guilty "unless it appears that the defendant is mentally competent and the plea is free and voluntary." TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (West Supp. 2013). Although the Court of Criminal Appeals has held that the requirements of article 26.13 do not apply to a revocation hearing, *see Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003), it has implicitly held that the mandates of competency to stand trial do apply to revocation hearings. *See McDaniel v. State*, 98 S.W.3d 704, 705-706 (Tex. Crim. App. 2003).

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West Supp. 2013). A defendant is incompetent to stand trial if she does not have "sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding" or "a rational as well as factual understanding of the proceedings against" her. *Id*. art. 46B.003(a).

If evidence suggesting that the defendant may be incompetent to stand trial comes to the attention of the trial court, the court, on its own motion, shall suggest that

the defendant may be incompetent to stand trial. *Id.* art. 46B.004(b). On the suggestion that the defendant may be incompetent to stand trial, the trial court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(c).

A suggestion of incompetency is the threshold requirement for an informal inquiry under Subsection (c) and may consist solely of a representation from any credible source that the defendant may be incompetent. *Id.* (c-1). A further evidentiary showing is not required to initiate the inquiry, and the court is not required to have a bona fide doubt about the competency of the defendant. *Id.* Evidence suggesting the need for an informal inquiry may be based on observations made in relation to one or more of the factors described by article 46B.024 or on any other indication that the defendant is incompetent within the meaning of article 46B.003. *Id.*

The record reflects that at the beginning of the plea hearing, when asked by the trial court whether Hannon was suffering with a mental condition that would interfere with her ability to "take care of this matter today," Hannon replied "No." Further, Hannon's trial counsel informed the court that counsel was satisfied that Hannon was competent.

The record further reflects that the trial court noted Hannon was in obvious physical pain during the proceeding. Hannon stated that she had been hospitalized the day before. Although Hannon did not explain why she was in the hospital, we

presume from her later testimony that it was due to a medical condition that occasionally requires hospitalization. The court then asked if Hannon was "thinking as clearly today as you ever have?" Hannon replied, "No, I'm hurting real bad right now, sir…but I would like to get this over with."

In response to further questions by the trial court, Hannon asserted that she was freely and voluntarily pleading true to each allegation in both motions to revoke, and counsel confirmed that she was satisfied Hannon understood the consequences of a plea of true. Finally, after all the admonishments and inquiries, the trial court asked Hannon whether she continued to wish to plead true. Hannon's response was, "Yes, sir."

Hannon focuses her allegation of incompetency on her negative response to the court's question as to whether she was thinking clearly. However, she qualified that response by stating she was in pain. Being in pain is not a suggestion of mental incompetency within the meaning of article 46B.003. TEX. CODE CRIM. PROC. ANN. art. 46B.004(c-1) (West Supp. 2013). Further, there are factors that the trial court can take into consideration when deciding whether to hold an informal inquiry. None of those factors are present in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.024 (West Supp. 2013).

Based on a review of this record, no suggestion of incompetency was raised at the plea hearing which would require an informal inquiry into Hannon's competency

by the trial court. Thus, there is no support for Hannon's argument that because she was incompetent, her pleas of true were involuntary. Accordingly, the trial court did not err in accepting Hannon's pleas of true, and Hannon's sole issue is overruled.

The trial court's judgments are affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed May 29, 2014
Do not publish
[CR25]