

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00079-CR

JOHN L. MCLAUGHLIN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 60,418-E, Honorable Don R. Emerson, Presiding

October 27, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, John L. McLaughlin Jr., was indicted for the offense of aggravated robbery.[1] Pursuant to a plea agreement, appellant entered a plea of guilty and was placed on ten years' deferred adjudication. The State subsequently filed a motion to adjudicate appellant guilty of the indicted offense. Thereafter, on October 15, 2015, the trial court held a hearing on the State's motion to adjudicate. After hearing the evidence, the trial court adjudicated appellant guilty and sentenced him to serve life in

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011).

the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ). Appellant then filed a motion for new trial, which the trial court granted on December 9, 2015. On January 15, 2016, another hearing was held on the State's motion to adjudicate appellant guilty of the indicted offense. After receiving appellant's plea of "True," appellant was adjudicated guilty of the aggravated robbery, and the trial court then heard the evidence regarding punishment. Following the receipt of evidence regarding punishment, the trial court sentenced appellant to thirty years in the ID-TDCJ. Appellant appeals, contending that, because he was not advised of the consequences of his plea of "True," his plea was not voluntarily entered. We will affirm.

## Factual Background

A review of the record reflects that appellant entered a plea of guilty pursuant to a plea bargain. On the date of appellant's plea, he was admonished about all of the rights he was giving up by entering a plea of "Guilty." Specifically, he was admonished about the applicable range of punishment for a first-degree felony offense. Further, appellant was admonished about the consequences of entering a plea of "Guilty" to a recommendation of deferred adjudication. After the admonishments, appellant proceeded to enter his plea of "Guilty."

Subsequently, at the first hearing on the State's motion to proceed with adjudication, appellant executed a document that contained written admonishments regarding pleading "True" to a motion to adjudicate. One of the admonishments was an acknowledgement by appellant that, if he was pleading "True," after receiving a deferred

2

adjudication, the entire punishment range was available for the trial court's consideration as to punishment.

Following the granting of appellant's motion for new trial, appellant again entered a plea of "True" to the State's motion to adjudicate. At the time of the plea of "True," the trial court made inquiry into whether appellant had received a copy of the motion to adjudicate and understood what the State's allegations were. Appellant replied that he had received a copy of the allegations contained in the State's motion to proceed and understood those allegations. The trial court asked if appellant wanted the allegations read, which appellant declined. Then, the trial court asked appellant whether the State's allegations were true or untrue. Appellant then entered a plea of "True" to the allegations.

Following the plea of "True," the trial court heard evidence on the issue of punishment. At the conclusion of the punishment hearing, the trial court sentenced appellant to thirty years in the ID-TDCJ. It is from this judgment that appellant appeals.

Standard of Review

As an appellate court, we review the record of the trial court to ensure that the trial court did not abuse its discretion. *See Leonard v. State,* 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g).

Analysis

Appellant's contention is that, because the trial court failed to admonish appellant prior to the entry of his plea of "True," the plea was not voluntarily entered. To support

this proposition, appellant cites the Court to Article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2016).[2] Specifically, appellant finds fault with the trial court because he was not admonished regarding the range of punishment, the consequences of pleading "True," his current mental health, immigration consequences, and the voluntariness of the plea. *See id.*

In reviewing appellant's complaint, we first turn to the language of Article 26.13. *See id.* Specifically, we point out the heading of the article, "Plea of guilty." *Id.* The first sentence of part (a) says, "Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of . . ." and then enumerates the matters about which the defendant is to be admonished. Art. 26.13(a). We note that Article 26.13 specifically talks about pleas of "Guilty" or "Nolo contendere" and never mentions pleas of "True" in any motion to proceed hearing.

This Court has previously held that statutory requirements of Article 26.13 do not apply to any type of revocation proceeding, of which a motion to proceed is one type. *See Carr v. State,* No. 07-13-00159-CR, 2014 Tex. App. LEXIS 2659, at *5–6 (Tex. App.—Amarillo Mar. 6, 2014, no pet.) (mem. op., not designated for publication). The Court's decision in *Carr* was substantially based upon the Texas Court of Criminal Appeals's decision in *Gutierrez v. State,* 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) (en banc). *Gutierrez* holds that Article 26.13 applies only when a defendant enters a plea of "Guilty" or "Nolo contendere" in a felony prosecution. *Id.* at 309. *Gutierrez* concludes that Article 26.13 does not apply in a probation revocation

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article ____," "article ____," or "art. ____."

4

proceeding because the statutes governing probation make no reference to Article 26.13. *Id. Gutierrez* further provides that, in the context of probation revocation proceedings, "the legislature has not authorized binding plea agreements, has not required the court to inquire as to the existence of a plea agreement or admonish the defendant pursuant to 26.13." *Id.* Therefore, we hold that the trial court did not abuse its discretion in failing to admonish appellant regarding the matters covered by Article 26.13. *See Leonard,* 385 S.W.3d at 576.

Appellant then seems to argue that there are due process considerations that will still apply. According to appellant's theory, due process requires that the trial court substantially follow rules of criminal procedure and cites the Court to *Leonard. Id.* at 577. The issue in *Leonard* was whether the defendant was afforded due process of law. *See id. Leonard* does not mention or imply that the strictures of Article 26.13 are to be complied with in order to demonstrate that the defendant received due process of law. *Leonard* cites *Caddell v. State,* 605 S.W.2d 275, 277 (Tex. Crim. App. [Panel Op.] 1980), for a discussion about what due process of law means in the context of a revocation proceeding. *Caddell* in turn cites the reader to *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), for the proposition that appropriate due process of law is required in a probation revocation proceeding. *Caddell,* 605 S.W.2d at 277. *Gagnon* holds that at a final probation revocation proceeding the defendant is entitled to (1) written notice of the claimed violations, (2) disclosure to the probationer of the evidence against him, (3) opportunity to be heard and to present witnesses and documentary evidence, (4) the right to confront and cross-examine witnesses, (5) a

neutral and detached hearing body, and (6) a written statement of the factfinder as to the evidence relied on and reasons for revocation. *See Gagnon,* 411 U.S. at 786.

A review of the record reveals that appellant received written notice of the violations, notice of the evidence through the testimony of the witnesses, an opportunity to be heard and to present witnesses and evidence, the right of cross-examination, a neutral judicial officer to hear the case, and the right to have a judgment presented as to which of the allegations the trial court found to be true. In short, appellant pleaded "True" with all of the due process of law to which he was entitled. *See id.* Accordingly, appellant's contention to the contrary is overruled. The trial court did not abuse its discretion in finding appellant had violated his terms and conditions of community supervision, adjudicating him guilty of aggravated robbery, and sentencing him to thirty years in the ID-TDCJ. *See Leonard,* 385 S.W.3d at 576. We overrule appellant's issue.

## Conclusion

Having overruled appellant's issue, we affirm the judgment entered by the trial court.

Mackey K. Hancock
Justice

Do not publish.