

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-22-00114-CR

MATTHEW SHANE CLEMENTS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 43rd District Court of
Parker County, Texas
Trial Court No. CR18-0839, Honorable Craig Towson, Presiding

August 17, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Matthew Shane Clements appeals from the trial court's judgment adjudicating his guilt for and convicting him of cruelty to a non-livestock animal. The sole issue before us involves his contention that his plea of true to the grounds for revoking his community supervision was involuntarily and unknowingly made. Allegedly, it was so because the trial court failed to orally admonish him about the range of punishment before accepting

the plea. According to appellant, article 26.13(a) of the Texas Code of Criminal Procedure required the trial court to provide him such an admonishment. We affirm.[1]

### *Background*

In September 2019, appellant accepted a plea bargain and pled guilty to charges of cruelty to a non-livestock animal, a third-degree felony offense. The applicable punishment ranged from two to ten years' imprisonment, coupled with a fine of up to $10,000. *See* TEX. PENAL CODE ANN. § 42.092; *see also id.* § 12.34. The range was revealed to him in written admonishments which he signed. The trial court accepted his plea, deferred a finding of guilt, and placed appellant on four years of community supervision.

The record discloses two motions to revoke. The first resulted in the continuation of his community supervision. In securing that opportunity, appellant again executed written admonishments. They contained a provision informing him of the range of years for which he may be imprisoned for committing a third-degree felony; mention was not made of a fine, though.

The second motion to adjudicate resulted in the conviction underlying this appeal. As part of the process culminating in his conviction, appellant again signed written admonishments. They too contained a provision explaining the range of years for which he may be imprisoned, though, again, nothing was said of a fine. That said, we turn to the issue before us.

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

***Discussion***

First, article 26.13 mandates that the trial court admonish a defendant about the range of punishment before accepting a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). But, that article does not apply to pleas of true entered in revocation proceedings. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003); *Thomas v. State*, No. 02-11-00055-CR, 2012 Tex. App. LEXIS 726, at *3–4 (Tex. App.—Fort Worth Jan. 26, 2012, no pet.) (mem. op., not designated for publication). So, neglecting to comply with article 26.13(a) before accepting a defendant's plea of true in the revocation setting does not alone make that plea unknowing or unintelligent. *See Casias v. State*, No. 04-17-00086-CR, 2018 Tex. App. LEXIS 39, at *5–6 (Tex. App.— San Antonio Jan. 3, 2018, no pet.) (mem. op., not designated for publication). And, we reject appellant's contention suggesting otherwise.

Next, thrice did appellant sign written admonishments explaining the range of punishment. Though the last two writings omitted reference to a fine, the first described the range applicable to both imprisonment and fine. Each also began with appellant's written acknowledgment that he understood the applicable range of punishment as well as the other content of those written admonishments. Appellant's defense attorney also signed the same paperwork and acknowledged having explained the admonishments to his client. So too did he represent in each document that his client's decision to plead was free, knowing, and voluntary. And, at the beginning of the last revocation hearing, appellant acknowledged that he had signed the written admonishments, had ample opportunity to discuss them with his attorney, and had all questions answered regarding

them.  While testifying he also told the trial court that he fully understood that he could be sentenced to the penitentiary and that he "had no doubt about that."

These circumstances cannot but lead us to the conclusion that appellant's plea of true to the allegations in the motion to revoke was free, voluntary, and knowing.  He knew the prison term or punishment he risked by so pleading.  So, his due process rights were not violated under the record at bar.  *See Thomas v. State*, No. 13-10-00104-CR, 2010 Tex. App. LEXIS 10078, at *6–7 (Tex. App.—Corpus Christi Dec. 21, 2010, no pet.) (mem. op., not designated for publication) (concluding that appellant's plea of true was knowing and voluntary and due process rights were not violated when the record illustrated (1) he signed written admonishments acknowledging that he had read and understood the waiver of his rights, (2) his oral statements at the revocation hearing confirmed that understanding, and (3) his defense counsel assured the court, in writing, that his client understood the consequences of his plea).

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

4