IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,265-04






EX PARTE KEVIN ERIC ROSS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-1060411-N IN THE 195TH DISTRICT COURT
FROM DALLAS COUNTY 





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to imprisonment for four years. His appeal was dismissed. Ross v. State, No. 05-11-00923-CR (Tex. App.--Dallas 2011, no pet.).

 Based on the record before this Court, Applicant pleaded guilty pursuant to a plea bargain
and was placed on deferred adjudication probation for four years. (1) He then filed a notice of appeal. 


2

The State filed a motion to adjudicate, and Applicant agreed pursuant to a "plea agreement" (2) to
withdraw his notice of appeal in exchange for his plea of guilty in a new case and his plea of true in
the present case. The trial court signed a second certification stating that Applicant's case was a plea
bargain and that Applicant had no right to appeal. Applicant filed a second notice of appeal, and it
was dismissed. 

 Applicant now contends, among other things, that appellate counsel, who was appointed after
Applicant filed his second notice of appeal, rendered ineffective assistance by advising him that his
case was a plea bargain and the court of appeals had no jurisdiction. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex parte
Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel
to respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an 


3

attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 After reviewing appellate counsel's response, the trial court shall make further findings of
fact and conclusions of law as to whether appellate counsel's advice was deficient and, if so, but for
this advice, Applicant was denied his right to appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: May 15, 2013

Do not publish 


 
1. The plea papers say Applicant pleaded open and the trial court's certification says this
was not a plea bargain case, but the State recommended a cap of four years. A recommended cap
on a sentence is a type of sentence-bargaining. Shankle v. State, 119 S.W.3d 808, 813 (Tex.
Crim. App. 2003).
2. Although the plea papers for the adjudication of guilt proceeding say "PLEA
AGREEMENT" in the heading, Rule 25.2(a)(2) of the Rules of Appellate Procedure does not
contemplate pleas of true. Dears v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Nor has
the Legislature authorized binding plea agreements in the context of revocation proceedings. 
Gutierrez v. State, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003).