

# Fourth Court of Appeals
## San Antonio, Texas

April 16, 2014

No. 04-14-00237-CR

David A. **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 13-07-11311-CR
Honorable Camile G. Dubose, Judge Presiding

# O R D E R

David A. Ramirez pled nolo contendere to a charge of sexual assault of a child pursuant to a plea bargain and the trial court placed Ramirez on deferred adjudication community supervision. The State filed a motion to adjudicate guilt, alleging Ramirez had violated conditions of his community supervision. On March 5, 2014, Ramirez pled true to one of the alleged violations. The trial court adjudicated Ramirez guilty and sentenced him to ten years in prison. The trial court signed a certificate stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Ramirez timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification, has been filed. *See id.* Rule 25.2(d).

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires "[t]he trial court [to] enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). However, we are first "obligated to review that record [to] ascertain[] whether the certifications [are] defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is "defective" if it "proves to be inaccurate" "when compared with the record." *Id.* at 614.

"Once a defendant who enters into a plea bargain for deferred adjudication community supervision decides not to appeal the order deferring adjudication, the restrictions of Rule 25.2(a)(2) are no longer applicable." *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim.

App. 2006). Any agreement between Ramirez and the State with regard to the motion to adjudicate and adjudication of guilt was not a "plea bargain" subject to the restrictions of Rule 25.2(a)(2). *See id.* at 913 (stating that Rule 25.2(a)(2) does not apply to restrict appeal from adjudication of guilt even if there was second agreement as to punishment); *Dears*, 154 S.W.3d at 613 (holding Rule 25.2(a)(2) restriction on right of appeal in "plea bargain case" applies only when defendant pleads "guilty" or "nolo contendere," and does not apply when defendant pleads "true" to allegations in motion to revoke); *see also Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003) ("In the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire into the existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and has not provided for withdrawal of a plea after sentencing."). Accordingly, Ramirez does have the right to appeal the judgment adjudicating him guilty, and "the trial judge must check the box on the certification form indicating that the case 'is not a plea-bargain case, and the defendant has the right of appeal.'" *Hargesheimer*, 182 S.W.3d at 913.

Because the certification of Ramirez's right of appeal is inaccurate when compared to the record, it is defective. *Dears*, 154 S.W.3d at 614. To "ensur[e] that [Ramirez's] right to appeal is not abridged due to 'defects or irregularities' which can be corrected," we **abate** this appeal for a period of **ten** days to allow the trial court to amend its certification of the defendant's right of appeal. *See id.*; *Hargesheimer*, 182 S.W.3d at 913.

We **order** the trial court clerk to file a supplemental record containing the amended certification not later than **April 28, 2014**.

We further **order** the clerk of this court to serve copies of this order on the attorneys of record, the trial court judge, and the trial court clerk.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 16th day of April, 2014.

Keith E. Hottle
Clerk of Court