

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00230-CR

_____

DOUGLAS EDWARD GILLIAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,076

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In Upshur County, Texas, Douglas Edward Gilliam was indicted for the felony offense of driving while intoxicated (DWI). The offense was enhanced to a third degree felony due to Gilliam's two prior convictions for DWI. On August 13, 2013, although Gilliam stipulated to the evidence and pled guilty pursuant to a plea agreement wherein he would be sentenced to serve three years' confinement, a part of the agreement provided that he was not to be sentenced until August 26, almost two weeks in the future.[1] Gilliam failed to appear at the time set for sentencing. There was apparently an alternative hearing date set for September 10, which did not take place, and the matter was finally heard on September 24, 2013. At that time, Gilliam's counsel moved for a continuance, but the trial court denied his motion. Gilliam did not withdraw his guilty plea, and the trial court rejected the plea agreement as announced, sentencing Gilliam to ten years' incarceration.

On appeal, Gilliam contends that the trial court erred by (1) denying his motion for continuance, and (2) failing to follow the plea agreement.

We affirm the trial court's judgment because (1) the trial court was within its discretion to deny the continuance, and (2) Gilliam failed to appear at sentencing.

I.    **Did the Trial Court Err by Denying Gilliam's Motion for Continuance?**

In his first point of error, Gilliam argues that the trial court erred in denying his motion for continuance.

---

[1] The trial court expressed some reticence in agreeing to this delayed sentencing, stating, "This is not normal, we don't normally do this . . . because it's not been a good experience for me. But if you don't show back up, there will be a warrant issued for your arrest and there will be no plea bargain."

A trial court's decision to deny a motion for continuance is reviewed under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007). To show abuse of discretion, a defendant must demonstrate both that the denial was error and that the denial caused harm. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).

At the time of the final sentencing hearing, Gilliam had also been charged with murder in another county, and he made a request that his DWI case be continued until after resolution of that murder case. The rationale he provided for that request was that although he had some pertinent information that the court needed to hear and consider before rendering sentence, he could not "adequately place [the] evidence before the [c]ourt" in the DWI case without jeopardizing or forfeiting his right to remain silent. Gilliam aptly summarized his motion by stating, "[I]n essence, the motion for continuance says we need a continuance and I can't tell [the court] why."

Here, Gilliam has failed to provide the trial court a specific reason to justify the requested continuance. In doing so, Gilliam also failed to show that the trial court erred in denying his motion. In addition to the absence of demonstrating that denial of the continuance constituted error, Gilliam has also failed to show any evidence that he was harmed by that denial. Due to this two-fold failure, Gilliam has not shown an abuse of discretion. We overrule this point of error.

## II.     Did the Trial Court Err by Failing to Follow the Plea Agreement?

Under the terms of the plea agreement as announced, Gilliam was to receive a three-year prison term. When Gilliam failed to appear for sentencing, the trial court did precisely what it

said it would do when the plea agreement was announced—it refused to follow the plea agreement and, instead, sentenced Gilliam to ten years' confinement. In his second point of error, Gilliam contends that the trial court erred by failing to follow the plea agreement.

Plea agreements (also known as plea bargains) are an integral part of the criminal justice system. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009) (citing *Gutierrez v. State*, 108 S.W.3d 304, 306 (Tex. Crim. App. 2003)). At its core, a plea agreement is a contract between the State and the defendant into which both parties have knowingly and voluntarily entered. *Id.* Once the plea agreement is accepted by the trial court, both sides are bound by its terms. *Id.* Because a plea agreement is solely between the State and the defendant, only those parties may alter the terms of the agreement; the trial court commits error if it unilaterally adds unnegotiated terms to a plea agreement. *Id.* at 332 (explaining that "only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the state and the defendant").

The trial court remains free in every case, however, to refuse to allow plea bargaining or to reject a particular plea agreement entered into by the State and the defendant. *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011); *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983) (en banc) (per curiam) (citing *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978)); *Smith v. State*, 243 S.W.3d 722, 726 (Tex. App—Texarkana 2007, pet. ref'd). If the trial court rejects a plea agreement, the defendant is, as a matter of right, allowed to withdraw his guilty plea, and the State may withdraw its offer. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2013) ("Should the court reject the

4

agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere.").

Here, it is undisputed that the trial court accepted the plea agreement between Gilliam and the State. However, it is also clear that the trial court conditioned its approval of the plea bargain on Gilliam's appearance for sentencing on a specific date, informing him that the plea agreement would not be honored if he failed to appear at the appointed time for sentencing. Even though Gilliam raised no objection to this condition at the time the trial court announced that it would accept the plea agreement, Gilliam failed to appear at the time set for sentencing. After the trial court rejected the plea agreement, Gilliam failed to withdraw his guilty plea and failed to object to the trial court's proceeding with an open plea.[2]

Gilliam contends that he is entitled to specific performance of the plea agreement, but it is undisputed that by failing to appear for sentencing, Gilliam failed to fulfill the court's condition for acceptance of the plea agreement. Therefore, the trial court acted within its authority to reject the plea agreement.[3]

---

[2]We note that the trial court did not explicitly provide Gilliam the option of withdrawing his guilty plea when the plea agreement was rejected. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2) (West Supp. 2013). However, Gilliam neither raised this issue at the trial level nor raised it on appeal; accordingly, he has not preserved any error involving the failure of the trial court to permit him to withdraw his plea. *See* TEX. R. APP. P. 33.1.

[3]Again, Gilliam argues that "the reasons for his failure to appear are crucial to a fair resolution in this case" but that "those reasons could not be disclosed but at some point they can be revealed. A failure on the part of the trial court and the State to honor the plea bargain can not be fairly and adequately discussed until that time."

Accordingly, we affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     May 5, 2014
Date Decided:       June 5, 2014

Do Not Publish

6