

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00429-CR

Sammy R. **BONNER**, Jr,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR9234
Honorable Joel Perez, Judge Presiding

Opinion by:   Lori Massey Brissette, Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Lori Massey Brissette, Justice
Velia J. Meza, Justice

Delivered and Filed: May 13, 2026

AFFIRMED

Appellant Sammy Bonner, Jr. appeals from the trial court's judgment finding him guilty and sentencing him to five years confinement in the Institutional Division of the Texas Department of Criminal Justice with credit for time served. Bonner challenges the sufficiency of the evidence that he violated a term of his community supervision. We affirm the trial court's judgment.

Bonner pleaded no contest to felony arson. The trial court deferred Bonner's adjudication for a period of six years and placed him under community supervision. Less than two years later,

the State filed its motion to enter adjudication of guilt and revoke community supervision, alleging Bonner violated a term of his community supervision by committing three criminal offenses during a single incident with a police officer: assault, taking a weapon from a peace officer, and resisting arrest. At the conclusion of an evidentiary hearing, the trial court found the State's three criminal allegations "true," revoked Bonner's community supervision, and adjudicated him guilty. Bonner timely appealed.

## DISCUSSION

Bonner argues the trial court abused its discretion by determining he violated a term of community supervision based on insufficient evidence. He argues the State failed to prove by a preponderance of the evidence that Bonner committed the offenses of assault, taking a weapon from a peace officer, and resisting arrest.

### A. Hearing Evidence

At the hearing on the motion to revoke, the arresting officer testified he observed Bonner jaywalking across the road into oncoming traffic. The officer testified that when he approached Bonner to inform him that he had committed a traffic violation, Bonner immediately started arguing with him. According to the officer, Bonner very reluctantly gave the officer his identification. The officer searched Bonner's name on his computer and discovered Bonner had an active warrant in Georgia. The officer explained that he next sought to handcuff Bonner while he confirmed the warrant's status.

The officer testified that as he attempted to grab Bonner's hands, Bonner pulled away twice, stating he is not going back to jail. The officer stated he tried to grab Bonner a third time and the two began wrestling and fighting. The officer explained that eventually two civilians arrived and started trying to help the officer restrain Bonner, who continued struggling and

resisting. The officer testified that as the two wrestled, the officer hit his knee on a concrete barrier a couple of times, and the two fell off the concrete barrier onto the ground, causing the officer knee and back pain. The officer also testified he sustained scratches to his hand and elbows. He testified he attempted to deploy his taser on Bonner, and the officer landed on one of the taser prongs, causing the officer to be tased and leaving a scar on the officer's leg. The officer further testified that during the altercation, Bonner grabbed the taser and the two "actively" fought for it. The officer testified Bonner also attempted to take the officer's gun, gripping the gun handle. Eventually, another officer arrived at the scene and Bonner was handcuffed and restrained. Dashcam video of the incident was admitted into evidence and played at the hearing, showing the protracted struggle.[1]

## B. Analysis

We review a trial court's decision to revoke community supervision for abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In a revocation hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *Id.* To revoke community supervision, the State must prove the violation of a term of community supervision by a preponderance of the evidence. *Id.* at 864–65. The sufficiency standard in cases governed by the preponderance-of-the-evidence burden of proof "has been described as a review for whether there is 'more than a scintilla' of evidence." *Id.* at 865 (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010)). If the State presents insufficient evidence, the trial court abuses its discretion by revoking community supervision. *Latimer v. State*, 659 S.W.3d 135, 140 (Tex. App.—Beaumont 2022, no pet.).

---

[1] The officer's bodycam footage was also admitted at the hearing, but as the officer explained in his testimony and as seen in the admitted videos, several seconds into the altercation, the bodycam dislodged from the officer's person and fell onto the concrete barrier on which Bonner and the officer were wrestling and struggling. Therefore, the bodycam video shows only the first several seconds of the altercation.

Proof by a preponderance of the evidence as to any one of the alleged violations is sufficient to support a trial court's decision to revoke community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Thus, Bonner cannot prevail on appeal unless there is insufficient evidence that he committed each of the three offenses supporting the revocation order. *Guerrero v. State*, 554 S.W.3d 268, 274 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Bonner argues the evidence is insufficient to establish he assaulted the officer, noting the officer testified the dashcam video does not show Bonner punching or kicking the officer. But punching or kicking are not required for assault. *See* TEX. PEN. CODE § 22.01(a) (a person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another" or "intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative"). Bonner also suggests the officer's injuries were not intentionally caused by Bonner, which is also not required to establish an assault. *See id.*

Mindful that the trial court is the sole trier of the facts and sole judge of the officer's credibility and the weight given to his testimony, we cannot conclude the trial court abused its discretion by finding by a preponderance of the evidence that Bonner committed assault. *See Hacker*, 389 S.W.3d 8 at 865. The arresting officer's testimony and the corroborating dashcam video evidence showing Bonner engaged in a protracted and aggressive wrestling match with the officer are ample evidence supporting the trial court's conclusion. *See* TEX. PEN. CODE § 22.01. Because a term of Bonner's community supervision was that Bonner will not commit any offense, and we affirm the assault finding, we need not examine the sufficiency of the evidence supporting the other two alleged offenses. *See Smith*, 286 S.W.3d at 342; *Guerrero*, 554 S.W.3d at 274; TEX. R. APP. P. 47.1.

Bonner nevertheless further argues the evidence was insufficient because the State failed to prove by a preponderance of the evidence the existence of a valid, active Georgia warrant to support a lawful warrant-based arrest or detention. Bonner notes the arresting officer testified he never confirmed the validity of the Georgia warrant he found on his computer before attempting to handcuff Bonner, and the State did not introduce documentary proof of the warrant. Bonner asserts the lack of such proof demonstrates that the trial court's decision to adjudicate guilt rested on speculation rather than on the greater weight of the evidence.

Because a preponderance of the evidence established that Bonner violated a term of his community supervision, the trial court had discretion to adjudicate him guilty. *See Hacker*, 389 S.W.3d 8 at 864–65. An unlawful arrest or detention is not a valid defense to any of the three crimes alleged here. *See* TEX. PEN. CODE § 9.31(b) ("The use of force against another is not justified . . . to resist an arrest or search that the actor knows is being made by a peace officer . . . even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c)"); *id.* § 9.31(c) (use of force to resist arrest or search is justified only if "before the actor offers any resistance, the peace officer . . . uses or attempts to use greater force than necessary to make the arrest or search" or "when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's . . . use or attempted use of greater force than necessary".); *id.* § 38.03(b) ("It is no defense to prosecution under this section [resisting arrest] that the arrest or search was unlawful."). The officer testified that after he searched Bonner's name on the computer and found an active warrant, he returned to Bonner to place him in handcuffs while he confirmed the warrant was active. The officer testified Bonner repeatedly pulled away to avoid being handcuffed, and when the officer continued attempting to place Bonner in handcuffs, Bonner began wrestling and fighting him. The dashcam footage

corroborates the officer's testimony. There is no record evidence supporting a self-defense justification for Bonner's use of force against the officer. *See id.* § 9.31(b), (c). We overrule Bonner's only two issues.[2]

**CONCLUSION**

Based on the foregoing, we affirm the trial court's judgment.

Lori Massey Brissette, Justice

DO NOT PUBLISH

---

[2] For the first time in his reply brief, Bonner raises the argument that the officer initially stopped Bonner without reasonable suspicion and then arrested him without probable cause, citing case law regarding a trial court's ruling on a motion to suppress, even though no motion to suppress was filed in this case. To the extent Bonner thereby attempts in his reply to bolster his argument that the evidence supporting the judgment was insufficient because Bonner was unlawfully arrested or detained, this argument fails for the reasons set forth above. *See* TEX. PEN. CODE § 9.31(b); *id.* § 38.03(b); *Hacker*, 389 S.W.3d 8 at 864–65. Moreover, sufficiency challenges are made in light of all the evidence presented at trial regardless of whether it was rightly or wrongly admitted. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). To the extent Bonner argues the trial court erred by failing to suppress or otherwise exclude certain evidence due to lack of reasonable suspicion or probable cause, this new argument fails for at least two reasons. First, "new issues raised in a reply brief should not be considered." *Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019). Second, Bonner did not preserve such an argument because he failed to file a motion to suppress or make any objection on such grounds. *See* TEX. R. APP. P. 33.1; *Smith v. State*, 243 S.W.3d 722, 726 (Tex. App.— Texarkana 2007, pet. ref'd) (concluding issue asserting no probable cause or reasonable suspicion to justify detention was not preserved because "[t]here was no motion to suppress, no suppression hearing, and no complaint raised to the introduction of evidence"); *Ogbuehi v. State*, 706 S.W.3d 689, 696 n.3 (Tex. App.—Austin 2025, no pet.) (citing *Smith*, 243 S.W.3d at 726).