

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,526-01

### EX PARTE SHANE MICHAEL CRITES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-12-24077 IN THE 336TH DISTRICT COURT
### FROM FANNIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft in exchange for a two-year state jail sentence, probated for five years. His probation was later revoked pursuant to a plea of "true," and Applicant was sentenced to two years' state jail imprisonment after revocation. He waived his right to appeal.

Applicant contends that his trial counsel rendered ineffective assistance because counsel did not object when the trial court elected not to follow the sentencing recommendation after revocation of probation. The habeas record contains a "plea agreement" whereby Applicant agreed to plead

"true" to violating the terms of his community supervision and waive his right to appeal in exchange for a sentence of twelve months' state jail time. The agreement was apparently approved by the trial court. Nevertheless, the judgment revoking probation reflects a sentence after revocation of two years' state jail, rather than twelve months as indicated in the agreement.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. This Court has held that there is no such thing as a binding plea agreement in the context of probation revocation. *Gutierrez v. State*, 108 S.W.3d 304 (Tex. Crim. App. 2003). However, if Applicant's counsel at revocation advised him to plead "true" to the allegations in the motion to revoke, and to waive his right to appeal without also advising Applicant that any plea agreement was not binding on the trial court, Applicant may have relied on counsel's advice to his detriment. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 14, 2015
Do not publish