**Opinion issued March 26, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00683-CR

————————————

## RICKY DEWAYNE NICKERSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 185th District Court
Harris County, Texas
Trial Court Case No. 1415899

## MEMORANDUM OPINION

Appellant, Ricky Dewayne Nickerson, pleaded guilty to the state-jail felony offense of burglary of a building.[1] The trial court deferred making a finding of guilt and, in accordance with the terms of appellant's plea bargain agreement with

---

[1]   *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(1) (West 2011).

the State, placed appellant on community supervision for a period of three years. The trial court certified that this was a plea-bargain case and that appellant had no right of appeal.

Subsequently, the State moved to revoke appellant's supervision and for adjudication of guilt. Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal, in exchange for the State's recommendation that punishment be assessed at confinement in the State Jail Division of the Texas Department of Criminal Justice for nine months and imposition of a $500 fine. The trial court revoked appellant's community supervision, adjudicated appellant guilty, and assessed appellant's punishment in accordance with the recommendation of the State. The trial court certified that appellant has no right of appeal. Nevertheless, appellant filed a pro se notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant has no right of appeal.[2] *See* TEX. R. APP. P. 25.2(a).

---

[2] The certification of appellant's right of appeal indicates that this "is a plea-bargain case, and the defendant has NO right of appeal." Because appellant is appealing from his plea of true to a motion to adjudicate his guilt and not from a plea of

2

The record reflects that appellant swore to a stipulation of evidence and judicial confession, pleading "true" to the allegations in the State's motion to adjudicate appellant's guilt. The document contains an agreement that the State would recommend revocation of appellant's community supervision, punishment of confinement for nine months, and imposition of a $500 fine. The document also includes a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt." Appellant separately initialed the waiver of appeal. The trial court found the allegations true, adjudicated appellant guilty of the underlying offense, and assessed punishment in accordance with the recommendation.

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex*

---

guilty or nolo contendere to the original charge, appellant could not have entered into a "plea bargain" and the certification is incorrect. *See Hargesheimer v. State*, 182 S.W.3d 906, 912–13 (Tex. Crim. App. 2006); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003). Nevertheless, because the appellant waived his right to appeal in exchange for the State's recommendation on punishment, the trial court's certification correctly states that the appellant has no right to appeal and we do not need to abate the case for the trial court to correct the certification. *See infra*.

*parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant waived his right to appeal as partial consideration, along with his plea of true, for the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Because appellant has no right of appeal, we must dismiss this appeal. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).