**Opinion issued April 16, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00358-CR

_____

## JOSE ALVARO SANCHEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

### On Appeal from the 230th District Court
### Harris County, Texas
### Trial Court Case No. 1289396

---

## MEMORANDUM OPINION

Appellant, Jose Alvaro Sanchez, pleaded guilty to the offense of aggravated

assault on a family member.[1] The trial court deferred a finding of guilt and placed

---

[1] *See* TEX. PEN. CODE ANN. § 22.01(b-1) (West Supp. 2014).

appellant on community supervision for a period of three years.

Subsequently, the State moved to adjudicate guilt. Appellant pleaded true to the State's allegations and executed a waiver of his right to appeal in exchange for the State's recommendation that punishment be assessed at confinement in the Institutional Division of Texas Department of Criminal Justice for twelve years and a fine of $200.00. The trial court revoked appellant's community supervision and, in accordance with the State's recommendation, assessed punishment at confinement for twelve years and a $200.00 fine. Appellant filed a pro se notice of appeal. We dismiss the appeal.

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record.[2] TEX. R. APP. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). The trial court's certification, which is included in the record on appeal, states that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a).

---

[2] The certification of appellant's right of appeal indicates that this "is a plea-bargain case, and the defendant has NO right of appeal." Because appellant is appealing from his plea of true to a motion to adjudicate his guilt and not from a plea of guilty or nolo contendere to the original charge, appellant could not have entered into a "plea bargain" and the certification is incorrect. *See Hargesheimer v. State*, 182 S.W.3d 906, 912–13 (Tex. Crim. App. 2006); *Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003). Nevertheless, because appellant waived his right to appeal in exchange for the State's recommendation on punishment, the trial court's certification correctly states that appellant has no right of appeal and we do not need to abate the case to correct the certification. *See infra.*

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The record reflects that appellant swore to a stipulation of evidence, pleading "true" to the allegations in the State's motion to adjudicate his guilt. The document contains an agreement that the State would recommend that appellant be adjudicated guilty and punishment at confinement for twelve years. The document also includes a "Waiver of Appeal," stating that, "As part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue or claim in this case, including my plea [of] true or admission of guilt." Appellant separately initialed the waiver of appeal. The trial court found the allegations true, adjudicated appellant guilty of the underlying offense, and assessed punishment in accordance with the recommendation.

When a defendant waives his right of appeal in exchange for consideration from the State, his waiver is made knowingly, intelligently, and voluntarily, and he may not appeal any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009) (holding that defendant may knowingly and intelligently waive appeal without sentencing agreement when consideration is given by State for waiver); *Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex. Crim. App. 2000). The record shows that appellant waived his right to appeal, as partial consideration, along with his plea of true, for

3

the State's recommendation on punishment and that the trial court did not give its permission to appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009); *Dears*, 154 S.W.3d at 613. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).