

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00294-CR

ULYSSES DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 3
Tarrant County, Texas[1]
Trial Court No. 1466444D, Honorable Robb D. Catalano, Presiding

November 25, 2019

## MEMORANDUM OPINION

Before Quinn, C.J., and PIRTLE and PARKER, JJ.

After appellant, Ulysses Davis, pleaded guilty to failure to comply with sexual offender registration requirements,[2] the trial court deferred a finding of guilt and placed him on community supervision for two years. The State subsequently filed a motion to proceed to adjudication of guilt, claiming that appellant had violated two conditions of his

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] See TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2018).

community supervision. At the hearing on the State's motion, appellant pleaded "true" to the alleged violations. The trial court found the violations to be true, granted the State's motion, adjudicated appellant guilty, and sentenced him to ten years' confinement in the Texas Department of Criminal Justice. In this appeal, appellant asserts that his plea of true was not entered voluntarily and knowingly because the trial court failed to admonish him at the revocation hearing as to the range of punishment attached to the offense. We affirm the trial court's judgment.

## Standard of Review

We review a trial court's decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). A trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Allee v. State*, Nos. 07-15-00246-CR, 07-15-00286-CR, 2016 Tex. App. LEXIS 3852, at *5 (Tex. App.—Amarillo Apr. 13, 2016, pet. ref'd) (mem. op., not designated for publication) (citing *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984)).

## Discussion

Appellant argues that the trial court erred by failing to admonish him about the range of punishment to which he was subject as a result of pleading true to the allegations in the State's motion. In his brief, appellant concedes that the Court of Criminal Appeals has held that a trial court is required to admonish a defendant of the punishment range before he or she pleads guilty to a felony offense, but is not required to do so before a

defendant pleads true in a revocation proceeding. *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (en banc). Nonetheless, appellant contends, the constitutional requisites protected by the mandatory admonishments "demand some application upon a plea of true in a revocation proceeding as well," in order to comport with due process.

As we are bound by the precedent set by the Court of Criminal Appeals, we decline appellant's invitation to contradict it. *See Southwick v. State*, 701 S.W.2d 927, 929 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("The Court of Criminal Appeals is the highest tribunal on matters pertaining to the enforcement of criminal laws, and when it has deliberately and unequivocally interpreted the law in a criminal matter, [appellate courts] must adhere to its interpretation.").

Accordingly, we hold the trial court did not commit error by failing to admonish appellant as to the range of punishment at the revocation hearing. Having overruled appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

3