# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00410-CR

---

**Joseph Albert Borgas, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CR26,806, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N   &   O R D E R

**PER CURIAM**

In January 2021, Joseph Albert Borgas pleaded guilty to the offense of aggravated assault with a deadly weapon, and the trial court placed him on deferred-adjudication community supervision. *See* Tex. Penal Code § 22.02(a)(2). In April 2021, the State filed a motion to proceed with adjudication, alleging that Borgas violated the conditions of his probation. Borgas filed a plea of "true" and entered into a plea agreement as to the State's motion to proceed, but neither document addresses his right of appeal. During a hearing on the State's motion, the trial court admonished Borgas that he could "not appeal this cause without [the trial court's] permission,"[1] accepted Borgas's plea of true, found the State's allegations true, revoked

---

[1] Borgas agreed with the trial court's understanding as to the plea agreement on the motion to proceed with the adjudication of guilt.

Borgas's probation, adjudicated his guilt, and sentenced him to eight years' imprisonment. Borgas now seeks to appeal the trial court's July 22, 2021 judgment adjudicating guilt.

The rules of appellate procedure require a trial court's certification of the defendant's right to appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as "a certification which is correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id*. at 614-15. Here, the trial court's certification states that (1) this is a plea-bargain case and Borgas has no right of appeal, and (2) Borgas has waived the right of appeal. But a defendant may appeal from a judgment adjudicating guilt. *See* Tex. Code Crim. Proc. arts. 42A.108(b), .755(e); *see also Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006) (holding that "Rule 25.2(a)(2) extends only to appeals from the initial plea of guilty in exchange for deferred adjudication, and not to appeals from the proceeding on the motion to adjudicate guilt"); *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) ("In the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire into the existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and has not provided for withdrawal of a plea after sentencing.").

Given the apparent discrepancy between the certification and the record, we abate this appeal and remand this cause to the trial court for entry of a corrected certification addressing Borgas's right of appeal from the judgment adjudicating his guilt. *See* Tex. R. App. P. 34.5(c); 37.1; *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under

2

Rules of Appellate Procedure "to obtain another certification, whenever appropriate"). The district court clerk is instructed to file with this Court a supplemental clerk's record containing that corrected certification no later than May 19, 2022.

It is ordered on April 19, 2022.


Before Chief Justice Byrne, Justices Kelly and Smith

Abated and Remanded

Filed: April 19, 2022

Do Not Publish