# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00131-CR

---

**Wilbur Eugene Jackson, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 21ST DISTRICT COURT OF LEE COUNTY
### NO. 8296, THE HONORABLE CARSON TALMADGE CAMPBELL, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In January 2018, appellant Wilbur Eugene Jackson pleaded guilty to theft of cattle in an aggregate value of less than $150,000 and true to enhancement paragraphs alleging two prior felony convictions. *See* Tex. Penal Code §§ 12.42, 31.02(e)(5)(A). He was placed on deferred-adjudication community supervision by the trial court. On January 10, 2023, the State filed an amended motion to revoke Jackson's deferred adjudication, alleging that he had violated conditions of his community supervision. He pleaded true to the allegations, and the State agreed to recommend that any sentences run concurrently.[1] Jackson signed a statement acknowledging that he "voluntarily, knowingly and intelligently waive[d his] right to appeal."

---

[1] At his plea hearing, Jackson also entered guilty pleas to two first-degree felonies.

After the trial court accepted his plea but before it made findings, Jackson filed a motion to withdraw his guilty plea.[2] At a hearing on punishment, the trial court denied the motion, entered findings of true on 12 of the alleged violations, revoked his probation, adjudicated his guilt, and sentenced him to 50 years' confinement. He now seeks to appeal the trial court's February 10, 2023 judgment adjudicating guilt.

The rules of appellate procedure require a trial court's certification of the defendant's right to appeal "each time it enters a judgment of guilt or other appealable order." *See* Tex. R. App. P. 25.2(a)(2). When determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as "a certification which is correct in form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614–15.

The trial court's certification states that (1) this is a plea-bargain case and Jackson has no right of appeal, and (2) Jackson has waived the right of appeal. A plea-bargain case is defined as one in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant. Tex. R. App. P. 25.2(a)(2). Here, Jackson did not plead guilty or nolo contendere. Instead, he pleaded true to allegations in the State's motion to adjudicate. *See Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006) (holding that "Rule 25.2(a)(2) extends only to appeals from the initial plea of guilty in exchange for deferred adjudication, and not to appeals from the proceeding on the motion to adjudicate guilt"); *Dears*, 154 S.W.3d at 613 (explaining

---

[2] Although titled "Amended Motion to Withdraw Plea of Guilty," it appears that the motion pertains to Jackson's plea of true.

2

that Rule 25.2(a)(2) "refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions"); *Gutierrez v. State*, 108 S.W.3d 304, 309-10 (Tex. Crim. App. 2003) (observing that "[i]n the context of revocation proceedings, the legislature has not authorized binding plea agreements, has not required the court to inquire into the existence of a plea agreement or admonish the defendant pursuant to [Article] 26.13, and has not provided for withdrawal of a plea after sentencing.").

Given the apparent discrepancy between the certification and the record, we abate this appeal and remand the cause to the trial court for entry of a corrected certification addressing Jackson's right to appeal from the judgment adjudicating his guilt, including determinations as to whether this is a plea-bargain case for which he has no right of appeal and whether he has nevertheless waived that right. *See* Tex. R. App. P. 34.5(c); 37.1; *Dears*, 154 S.W.3d at 614 (stating that appellate courts have authority under Rules of Appellate Procedure "to obtain another certification, whenever appropriate"). The district court clerk is instructed to file with this Court a supplemental clerk's record containing that corrected certification no later than July 21, 2023.

Before Justices Baker, Triana, and Smith

Abated and Remanded

Filed: July 14, 2023

Do Not Publish